DANNY L. BAKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baker v. Commissioner
Docket No. 25846-92R
United States Tax Court
T.C. Memo 1994-315; 1994 Tax Ct. Memo LEXIS 318; 68 T.C.M. (CCH) 48; July 7, 1994, Filed *318 Danny L. Baker, pro se. For respondent: James W. Lessis. WELLS
WELLS
MEMORANDUM OPINION WELLS, Judge: The instant case is before us on a petition for declaratory judgment under section 7476. All section references are to the Internal Revenue Code and all rule references are to the Tax Court Rules of Practice and Procedure. The issue to be decided is whether a profit sharing plan (plan) sponsored by Halliburton Company (Halliburton) experienced a partial termination under section 411(d)(3) for the plan year ending on December 31, 1986. The instant case was submitted for declaratory judgment on a stipulated record pursuant to Rule 217. Petitioner was an employee of Halliburton Company and a participant in the plan until he was laid off on June 6, 1986. Petitioner seeks a declaratory judgment that a partial termination occurred with respect to the plan during 1986 when a large workforce decline caused a drop in participation in the plan. The parties stipulated that the administrative record with respect to the instant case is the same as the administrative record filed in Halliburton Co. v. Commissioner, docket No. 26290-90R. That case was decided in an opinion of this *319 Court, reported at 100 T.C. 216 (1993), which was appealed and affirmed by the United States Court of Appeals for the Fifth Circuit in an unpublished per curiam opinion on June 7, 1994. The Court of Appeals concluded that our thorough, 56-page opinion applied the correct legal standard. In Halliburton v. Commissioner, supra, we found that, as to those plan participants who should be counted for the purpose of deciding whether a partial termination of the plan occurred, there was a 19.85-percent reduction. We held that such percentage was not sufficiently large enough to be significant and that a partial termination of the plan therefore did not occur. Id.
In the instant case, petitioner filed a memorandum setting forth his position. We have reviewed petitioner's memorandum and find his arguments to be without merit. The instant case was submitted based upon a stipulation of the same administrative record that was stipulated in Halliburton. Accordingly, our opinion in Halliburton v. Commissioner, supra, controls the instant case. [1] Based upon that opinion, in the instant case, we hold that a partial termination of the plan *320 did not occur. To reflect the foregoing, An appropriate decision will be entered. Footnotes
1. Petitioner's memorandum asserts certain facts that were not a part of the administrative record that was stipulated in the instant case. Facts that were not stipulated may not be considered.↩